ACCEPTED
15-25-00142-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/24/2025 11:44 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/24/2025 11:44:00 AM
CHRISTOPHER A. PRINE
Clerk

NO. 15-25-00142-CV

15th COURT OF APPEALS

ROBERT EDWARD BATTAILE, Appellant/Relator

V.

TEXAS ELECTIONS DIVISION; HON. JANE NELSON; TEXAS SECRETARY OF STATE, ET AL., Appellees/Respondents

_____

On Appeal from the 459th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-25-000719

_____

**NOTICE OF NEWLY DISCOVERED EVIDENCE OF**

**CONCEALMENT AND CONTINUED RETALIATION (PIR-264-2025)**

Appellant, Robert Edward Battaile, files this Notice pursuant to Texas Rules of Appellate Procedure 38.7 and 10.5(b) to supplement the appellate record with newly discovered evidence of concealment of public records by City of Manor officials Brittany Lopez, Asst. City Secretary and Lluvia Almaraz, City Secretary acting under the supervision of City Manager, Leslie Scott Moore; and by City Atty, Shruti Vanaparthy Knights Law Firm.

**I. STATEMENT OF FACTS**

City staff Brittany Lopez and Lluvia Almaraz twice issued "No Responsive Records" answers to Appellant's Public Information Request No. PIR-264-2025, denying the existence of Ground-Penetrating-Radar (GPR) mapping data and related financial documentation for which the City paid $32,500.

City Attorney Shruti Vanaparthy of Knights Law Firm ratified those denials and refused to forward the matter to the Texas Attorney General as required by Texas Government Code § 552.301(b), instead writing, "This is not a Class C misdemeanor…the court does not have jurisdiction over this complaint." The City of Manor employees act under the authority and supervision of City Manager Leslie Scott Moore, establishing a degree of managerial knowledge and control of the concealment. There is a direct line of communication between the City Manager and the City Attorneys.

**Exhibits A–F** collectively show a coordinated effort to obstruct lawful access to public information; and to retaliate against Appellant for exposing election coercion and record-keeping misconduct that relate to further

evidence of private developer harms, city funds/staff misuse and a pattern of Manor Police Department lack of investigation and enforcement.

## II. RELEVANCE AND ONGOING RETALIATION

On October 21, 2025 Appellant filed two police complaints (Exhibits A and B), a municipal-court complaint (Exhibit C), and the original Public Information Act correspondence (Exhibit D) to preserve contemporaneous evidence. Based on numerous prior experiences with the City of Manor and its Police Department, such matters are routinely delayed and ultimately classified as "inactive" without any substantive investigation or follow-up. This repeated pattern of administrative inaction in the face of clear evidence of wrongdoing demonstrates an institutional practice of protecting insiders and retaliating against those who expose official misconduct.

## III. CONNECTION TO THE HISTORIC MCVEY (MCVADE) CEMETERY AND ONGOING MISUSE OF PUBLIC AUTHORITY

Note that the spelling on the 1906 Deed registered at Travis County shows the spelling as Martin McVey. Appellant has also seen payment receipt documents as "McVay" and the Purchaser/Sexton (caretaker) was buried as Martin McVade circa 1940 – not at *his* "Cemetery Lot" but at the

"out-of-town" black Cemetery – Parks Spring. More recently, the family has been using the name "McVade."

The concealed records under PIR-264-2025 concern the City's commissioned $32,500 Ground-Penetrating-Radar (GPR) mapping of the Manor Cemetery. However, that survey excluded the adjoining 0.5-acre Martin McVey Cemetery parcel, located immediately adjacent to and sharing the western fence line at the north end of the main cemetery tract. Historic records—including an original 1906 deed conveying the property "for a cemetery lot"—and photographic evidence of densely packed lilies strongly indicate the presence of unmarked graves on that site.

– See also Plaintiff's **Appendix One Revision One** pgs 15:42

Despite this knowledge, City officials under the supervision of City Manager Leslie Scott Moore authorized or permitted City crews to mow and clear portions of the McVey tract using City equipment and labor, thereby spending taxpayer resources on a private developer's property and disturbing potential burial grounds. These actions were the subject of two prior police reports, both later classified as "inactive" without meaningful inquiry.

The City's refusal to disclose the full GPR records, combined with its decision to omit the very parcel most likely to contain historic burials, demonstrates deliberate obstruction of truth and ongoing retaliation. The concealment protects current development interests while erasing Manor's earliest Black cemetery history—an act wholly incompatible with the City's ethical and legal obligations under the Texas Government Code and the Public Trust Doctrine.

Appellant's efforts to obtain the concealed GPR records are made in good faith and for a deeply personal and legitimate purpose—to identify a suitable burial site for his friend, Donald McVade, who was recently murdered and whose remains remain at the Travis County Medical Examiner's Office.

This effort is not intended to build litigation leverage but to ensure a dignified and historically appropriate resting place near the Martin McVay/McVade Cemetery, the original 1906 "cemetery lot" conveyed for burial use. Based upon 25-year generations, Martin McVey could be Donald McVade's Great-Great-Grandfather. Interestingly, the parcel sold to Mr. McVey was sold by A.E. Lane. Mr. Lane also sold or donated much of the parcels that became the out-of-town black cemetery, Parks Spring.

The McVade parcel, which adjoins the Manor Cemetery along the

western fence line at the north end, contains visible rows of densely packed lilies that align with the likely locations of unmarked graves from the early 20th century. The City's refusal to disclose or extend the GPR mapping to this adjacent tract has prevented even a basic act of respect and commemoration. These omissions demonstrate that what began as a public-records dispute has evolved into a moral and cultural failure of governance.

Appellant has repeatedly copied and notified Travis County officials, including at live-streamed County Commission meetings; and those within the County Attorney's Office, the District Attorney, and other oversight channels, of this and other similar Public Information Act breaches and related civil-rights violations through documented emails that also include the Texas Attorney General's Office.

At the State level, Appellant spoke to the Senate Committee on Natural Resources and Economic Development on June 13, 2024. The topic was:

**Preserving Texas History**: Review the historical site district designation and how such designations contribute to cultural preservation, tourism, and community identity. Report on what impact this historical designation would have on property values, site preservation, and educational opportunities within certain districts including, but not limited to, the San Jacinto

Battlefield, the Alamo complex, Washington-on-the-Brazos, and Goliad. In the year-and-a-half since, neither the Senate nor the in-attendance Texas Historical Commission had done anything to save Manor Heritage, other than provide a copy of State and US protective Statutes on their website.

This sustained pattern of administrative silence and non-enforcement supports Appellant's contention that sovereign immunity cannot shield such ultra vires conduct or deliberate indifference to citizens' rights under both state and federal law.

## IV. PRAYER FOR RELIEF

Appellant respectfully requests that the Fifteenth Court of Appeals take judicial notice of the attached evidence, accept this Notice for filing as supplemental record material, and recognize the continuing pattern of concealment and retaliation relevant to all pending appellate issues arising from Cause No. D-1-GN-25-000719.

Respectfully submitted this 22nd day of October, 2025 by,

_____/s/ Robert Edward Battaile_____

ROBERT EDWARD BATTAILE (Pro Se)

502 E Eggleston St., Unit B Manor, TX 78653

Email: robert@manortx.us Phone: 512-662-2955

**List of Exhibits:**

Exhibit A: Police Report – Lopez & Almaraz (PIR-264-2025 "No Responsive Records")

Exhibit B: Police Report – Shruti Vanaparthy / Knights Law Firm

Exhibit C: Complaint Filed with Manor Municipal Court re PIA Violation

Exhibit D: Public Information Request and City Responses ("No Responsive Records" and Attached Agreement with LSI signed by Almaraz and Moore.)

Exhbit E: Prior insufficient answer from 7-18-25 FOIA Request re McVey cemetery desecration using city funds and equipment on private lots.

Exhbit F: Relator's photos showing Map, 1906 Deed entry and likely graves relative to the Manor Cemetery and McVey parcel purchased "cemetery lot."

Exhbit G. 1940 Aerial Photo showing Homestead at left and the Cemetery at upper right with McVade home which likely was a Chapel and Mortuary.

Exhibit H: 1940's Aerial Photo Showing Homestead at left and the Cemetery at upper right with Martin McVade cinderblock home that likely was a Mortuary and Chapel.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing correspondence was served on all counsel and parties of record on October 22, 2025, via the eFileTexas system.

  /s/ Robert Edward Battaile

Robert Edward Battaile, Pro Se

EXHIBIT A

10/21/25 0839

**POLICE REPORT #1 — CRIMINAL COMPLAINT AGAINST CITY STAFF BRITTANY LOPEZ & LLUViA ALMARAZ**

**Complainant:**

Robert Edward Battaile     502 E Eggleston St Unit B Manor TX 78653     512-662-2955

robert@manortx.us

**Respondents:**

Brittany Lopez – Assistant City Secretary

Lluvia Almaraz – City Secretary Supervisor

Under Supervision of Leslie Scott Moore – City Manager

**★MANOR POLICE DEPARTMENT★**

25-01439

**Date of Complaint:** October 17 2025

**Agency of Jurisdiction:** Manor Police Department / Travis County Sheriff's Office

**Offenses Alleged**

- Texas Gov't Code § 552.353(c) — Failure or refusal to provide public information
- Texas Penal Code § 39.02 — Abuse of Official Capacity
- Texas Penal Code § 39.03 — Official Oppression

**Statement of Facts**

Complainant filed **PIR-264-2025**, requesting information concerning the City's **Ground-Penetrating-Radar (GPR) Mapping contract with Land Science Innovations (LSI)**. The City's written response (dated September 2025) included Complainant's requests followed by the City of Manor's answers stated:

**1)** "I would like to see the results of GPR mapping of the Manor Cemetery that was done — **NO RESPONSIVE RECORDS.**"

**2)** "A copy of the Agreement with the contractor — **ATTACHED.**"

**3)** "Please tell me what financial account that expenditure was drawn from — **NO RESPONSIVE RECORDS.**"

**4)** "Please tell me the date of the City Council meeting that said expenditure was approved so that I may review the minutes of that meeting — **ATTACHED.**"

Two of the four items were answered "NO RESPONSIVE RECORDS," yet the other two produced attachments from the same transaction, proving responsive records existed. The false denials originated from Respondents Lopez and Almaraz.

Their conduct demonstrates a **knowing refusal** to release public information and a selective disclosure intended to mislead the requestor, in violation of **Gov't Code § 552.353(c)** and **Penal Code §§ 39.02 & 39.03.**

**Requested Action**

1   Obtain all City emails, drafts, and PIA logs referencing PIR-264-2025.
2   Recover the original signed response forms from Lopez and Almaraz and determine supervisory approval.
3   Refer findings to the Travis County District Attorney and Texas Attorney General (Open Records Division).

**Unsworn Declaration (Tex. Civ. Prac. & Rem. Code § 132.001)**

My name is **Robert Edward Battaile**. My date of birth is **August 14, 1950**. My address is 502 E Eggleston St, Unit B, Manor, Texas 78653.

I declare under penalty of perjury that the foregoing statement is true and correct.

Executed on this 21st day of October, 2025 in Travis County, Texas by

ROBERT EDWARD BATTAILE

**EXHIBIT B**

10/21/25
8391

# POLICE REPORT #2 — CRIMINAL COMPLAINT AGAINST CITY ATTORNEY SHRUTI VANAPARTHY / KNIGHTS LAW FIRM

**Complainant:**
Robert Edward Battaile    502 E Eggleston St Unit B Manor TX 78653    512-662-2955
robert@manortx.us

**Respondents:**
Shruti Vanaparthy – City Attorney (Knights Law Firm, LLP)
Leslie Moore – City Manager

**Date of Complaint:** October 17 2025
**Agencies of Jurisdiction:** Manor Police Department / Travis County DA Public Integrity Unit

## Offenses Alleged



- Texas Penal Code § 39.02 — Abuse of Official Capacity

- Texas Penal Code § 39.03 — Official Oppression

- Texas Gov't Code § 552.353(e) — Knowingly concealing public information

- Texas Penal Code § 37.10 — Tampering with a Government Record

★MANOR POLICE DEPARTMENT★
25-01440

## Statement of Facts

Following PIR-264-2025, which contained two false "NO RESPONSIVE RECORDS" answers, Complainant sought review by the City Attorney. **Shruti Vanaparthy** failed to forward the request to the Texas Attorney General for ruling as mandated by **Tex. Gov't Code § 552.301(b)**. Instead, on or about October 20 2025, she wrote:

*"This is not a Class C misdemeanor under the cited section. The court does not have jurisdiction over this complaint."*

By issuing that note rather than seeking the required AG ruling, Vanaparthy knowingly concealed and obstructed release of public records responsive to PIR-264-2025, constituting violations of **Gov't Code § 552.353(e)** and **Penal Code §§ 39.02, 39.03, 37.10.**

## Requested Action

1    Subpoena all communications among Shruti Vanaparthy, Knights Law Firm, Leslie

Moore, and City Secretary staff concerning PIR-264-2025 and the LSI GPR Mapping project.

2     Obtain the original PIA responses and email metadata showing attorney approval.

3     Refer the matter to the Travis County District Attorney, Texas Rangers Public Integrity Unit, and OAG Open Records Division for criminal review.

## Unsworn Declaration (Tex. Civ. Prac. & Rem. Code § 132.001)

My name is **Robert Edward Battaile**. My date of birth is **August 14, 1950**. My address is 502 E Eggleston St, Unit B, Manor, Texas 78653.

"I declare under penalty of perjury that the foregoing statement is true and correct."

Executed on this 21 day of Oct 2025 in Travis County, Texas.

Signature: _Robert Battaile_

EXHIBIT C

# CITY OF MANOR CITIZEN COMPLAINT

## REQUIREMENTS WHEN FILING COMPLAINT:

1. The complainant (person making the complaint) must, in good faith, make full, fair and honest disclosure of all facts and circumstances known to him / her at the time the complaint is made. The facts, as presented, must be in the form of an affidavit and signed under oath. Said affidavit will form the basis of any further investigation and the charging instrument.

2. The complainant must appear in court to testify against the defendant if the charges are contested (the accused pleads not guilty and a trial is held).

3. IF the defendant is found guilty, the maximum sentence that may be assessed in the Manor Municipal Court is a fine plus court costs and fees (no jail time). The defendant may appeal the case to a higher court.

4. The defendant may file a counter-complaint if the complainant has also been involved in some illegal activity. Please be advised that any statement made at this time or in the future to a persecutor or other city investigative person may be used against you should the counter-complaint go forward to trial. Please be advised that when speaking to the prosecutor, that the prosecutor represents the state and no attorney-client relationship is established by any communications with regard to the application for complaint or any matters related thereto.

5. Once a case is filed, only a Municipal Court Judge, upon recommendation of a prosecutor, has the authority to dismiss the case.

6. The prosecutor reserves the right to subpoena the presence of the citizen-complainant and enforce the subpoena by ordering a peace officer to bring the citizen-complainant to court.

*I have read and agree to the above requirements.*

CITY OF MANOR

OCT 17 2025

RECEIVED

COMPLAINANT'S SIGNATURE

DATE: 10-17-25

Exhibit C - 15-25-00142-CV

# CITIZEN AFFIDAVIT

## CITY OF MANOR CODE OF ORDINANCE VIOLATION

**Information about the person you are accusing:**

Name of person accused: _Brittany Lopez and Lluvia Almaraz_

Address: _105 E Eggleston St#B_ City, State, Zip: _Manor TX 78653_

Phone number: _512-272-5555_ Work number: _____

Race: _Hispanic_ Sex: _F_ Height: _____ Weight: _____

Date of birth: _____ Age (if no date of birth): _____

**Facts about the case:**

The undersigned Affiant, who after being duly sworn by me, on oath, makes the following statement:

Date of offense: _See attached_ Time of offense: _____

Location of offense (must be in the Manor city limits): _Manor City Hall_

Type of premises: _municipal hdqts for city employees_

**What is your complaint? Describe with as much detail as possible:**

Use as many pages as necessary to fully, fairly and honestly relate all material facts and circustances: _(see attached re: Public Information)_
_Act violations._

Has this occurred before?: _X_ Yes _____ No

When has it happened before?: _multiple times on multiple issues._

Where charges filed?: ____ Yes _X_ No

If so, what was the outcome?: _____

_TYPO still Not fixed._
_(i.e. the "Manor Norm")_

CITY OF MANOR

OCT 17 2025

RECEIVED

## Information about you:

Name: Robert Battaile

Address: 502 E. Eggleston Unit B  City, State, Zip: Manor TX 78653

Phone number: 512-662-2955  Work number: _____

Email address (if any): robert@manortx.us

## Witness Information (if any):

Name of witness: _____  Phone number: _____

Address: _____  City, State, Zip: _____

Name of witness: _____  Phone number: _____

Address: _____  City, State, Zip: _____

Name of witness: _____  Phone number: _____

Address: _____  City, State, Zip: _____

## Vehicle Information (if applicable):

Year: _____ Make: _____ Model: _____ Body style: _____ Color: _____

State of registration: _____ License plate number: _____ Special features: _____

**I swear that the statements made herein are within my personal knowledge and are true and correct.** ( see attached )

Robert Edward Battaile       Robert E Battaile       10-17-25

Printed name of person making complaint   Signature of person making complaint   Date

**Sworn to me on this the** 17th **day of** October **20** 25 .

_____

**Court Clerk OR Notary Public for the State of Texas**

GRACIE MONTANO
Notary Public, State of Texas
Comm. Expires 04-25-2029
Notary ID 12940256

### DO NOT WRITE BELOW THIS LINE

Reviewed by: Shruti Vanaparthy _____  (**Prosecutor** / Investigator)

File charge: _____ Yes  X No  Charged offense: _____

Signed this the 20 day of October , 20 25

Prosecutor / Investigator signature: _____

This is not a Class C misdemeanor under the cited section. The court does not have jurisdiction over this complaint.

CITY OF MANOR

OCT 17 2025

RECEIVED

# CITIZEN COMPLAINT RE: BRITTANY LOPEZ AND LLUVIA ALMARAZ

1. On or about August 2024 through October 2025, in the City of Manor, Texas, Complainant submitted multiple public-information requests under Texas Gov't Code Chapter 552 for records relating to the City of Manor Cemetery Desecration by city staff; and misuse of city funds, staff and equipment used to clear a private developer's property adjacent thereto; and most recently including the $32,500 Ground-Penetrating-Radar (GPR) map of the Manor Cemetery.

2. Defendants Brittany Lopez and Lluvia Almaraz, while acting as public officers of the City of Manor, responded with "no responsive records" despite the City's own budget showing payment for that GPR service. Further, when asked to provide the city account numbers that said funds were paid from, Defendants again cited "no responsive records."

3. Such response constitutes, at minimum, criminal negligence in refusing to provide public information required by law, in violation of **Texas Gov't Code § 552.353(c)** (a Class C misdemeanor; fine ≤ $500).

### Citizen Affidavit

My name is Robert Edward Battaile, my date of birth is 8-14-1950, and my address is 502 E Eggleston St Unit B, Manor TX 78653. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the 17th day of October, 2025.

_____

Robert Edward Battaile

CITY OF MANOR

OCT 17 2025

RECEIVED

EXHIBIT D. FOIA REQUEST DOCUMENTS partially provided



**Citizen Complaint 10/17/2025 Response**

○ **Manor Court** <manorcourt@manortx.gov>                    10/20/2025 4:45 PM    🔖    **MC**
To robert@manortx.us,  Manor Court

Reply    Reply all    Forward    Delete    ☰

📎  2 attachments  ▶    View    Download    Save to Drive

Hi Mr. Battaile,

Per our phone conversation and at your request, please see attached citizen complaint reviewed by the prosecutor. If you have any additional questions please contact the court at (512) 272-8178.

Kind Regards,

**J. Sofi Duran,**
**Court Administrator**
**City of Manor Municipal Court**
105 E. Eggleston St.
Manor, Texas 78653
**Main:** (512) 272-8178
**Fax:** (512) 272-8636
www.manortx.gov

1) I would like to see the results of GPR mapping of the Manor Cemetery that was done—NO RESPONSIVE RECORDS

2) a copy of the Agreement with the contractor — ATTACHED

3) please tell me what financial account that expenditure was drawn from— NO RESPONSIVE RECORDS

4) Please tell me the date of the City Council meeting that said expenditure was approved so that I may review the minutes of that meeting—ATTACHED.



10090 W Highway 29 | Liberty Hill, Texas 78642

TBPELS Firm No. 10001800 | 512-238-7901 office

# AGREEMENT FOR THE PROVISION
# OF LIMITED PROFESSIONAL SERVICES

**Consultant:**
Landesign Services, Inc. (LSI)
10090 W Highway 29
Liberty Hill, Texas 78642

**Client:**
Matthew Woodard
City of Manor
105 E. Eggleston Street
Manor, Texas 78653

**Date:**      20 November 2024

**Client-Project No.:** _____

**Legal Description and Location:** +/- 5 acres of land situated in the James Manor Survey No. 40, Abstract No. 546 in Travis County, Texas; being described in a Deed to the Trustees of the Church of Wilbarger's Creek recorded in Volume "W", Page 276 of the Deed Records of Travis County, Texas; also, being shown on Exhibit "B" attached hereto.

**Scope/Intent and Extent of Services:**

## I.  Final Product:

**A.**  Cemetery Mapping:
LSI will recover the boundary of the subject +/- 5 acre Manor Cemetery and locate exterior fences. LSI will utilize a sUAS "drone" to create a geo-referenced ortho-rectified aerial image to show interior above ground features. LSI will incorporate data obtained utilizing Ground Penetrating Radar of portions of the cemetery as identified by City of Manor representatives tied to site control to identify possible locations of unmarked burials. LSI will stake out the Northeast line of the cemetery at +/- 100' intervals marked with 60D nails and lath.

> ➤  Deliverables:
> LSI will provide Client with one AutoCAD, Civil 3D digital file and paper/mylar copies as requested.

## II.  Schedule:

**A.**  Cemetery Mapping:                                                                Four (4) weeks

## III.  Fee:

**A.**  Cemetery Mapping:

| Cemetery Mapping | Lump Sum | $ 32,500.00 |
|---|---|---|
| *For Government Entity* | *Sales Tax* | *$          0.00* |
| | **Total** | **$ 32,500.00** |



## IV. Assumptions:

1. Documents will be signed/sealed and prepared under the supervision of a Registered Professional Land Surveyor licensed to practice in the State of Texas.
2. Vehicular and pedestrian access to the site is possible and granted. The Client or owner will provide Right of Entry to adjacent tracts if required.
3. Some trees may not be identifiable.
4. Sufficient monumentation to determine the boundary exists on the subject tract and/or the adjoining tracts. There are no encroachments, overlaps, or gores that would affect the boundary lines.
5. Substantial boundary conflicts/issues may be subject to additional fees. LSI will communicate any issues upon discovery and coordinate remedies with Client.
6. Client/Owner will furnish the current ownership information and title commitment (if applicable).
7. LSI will not certify the survey to unnamed parties.
8. The client or title company will furnish existing CAD files and survey information for the project.
9. The Client or owner grants permission to clear and/or cut small trees and brush.
10. Survey data will be based on the Texas State Plane Coordinate System, NAD83 – Central Zone; Vertical data will be based on the North American Vertical Datum of 1988 (NAVD88), Geoid12B, unless specified otherwise.
11. Schedule is based on receipt of signed notice to proceed.
12. This proposal is valid for 14 days.

## V. Special Conditions:

A. Any service not set forth above in Scope/Intent and Extent of Services shall be done only after Consultant and Client have executed an Agreement for the Provision of Limited Professional Services for such additional services. The Terms and Conditions and the 2022 Rate Schedule that follow this page are a part of this Agreement for the Provision of Limited Professional Services.

**Consultant:**
Landesign Services, Inc.
Brandy Tabor
President

**Client:** City of Manor
_____
(Company Name)

Scott Moore
_____
(Printed Name)

City Manager
_____
(Title)

By : *Brandy Tabor*  20 November 2024
                          Date

By : *[signature]*  12/04/2024
     (Signature)         Date



## TERMS AND CONDITIONS

### Services and Fee
The Consultant shall perform the services outlined in this Agreement for the Provision of Limited Professional Services ("Agreement") for the fee set forth on page 1 of this Agreement. Fees cited heron do not include applicable sales tax.

### Access To Site
Unless otherwise stated, the Consultant will have access to the site for activities necessary for the performance of the services.

### Dispute Resolution
Any claims or disputes made during survey, design, construction or post-construction between the Client and Consultant shall be submitted to non-binding mediation. Client and Consultant agree to include a similar mediation agreement with all contractors, subcontractors, subconsultants, suppliers and fabricators, thereby providing for mediation as the primary method for dispute resolution between all parties.

### Billings/Payments
Invoices for the Consultant's services shall be submitted to Client on a monthly basis. Invoices shall be payable within 30 days after the invoice date. If the invoice is not paid within 30 days, the Consultant may, without waiving any claim or right against the Client, and without liability whatsoever to the Client, terminate the performance of the services. Retainers shall be credited on the final invoice.

### Late Payments
Accounts unpaid 30 days after the invoice date may be subject to a monthly service charge of 1.5% (or the legal rate) on the then unpaid balance. In the event any portion or all of an account remains unpaid 90 days after billing, the Client shall pay all costs of collection, including reasonable attorney's fees.

### Indemnification
The Client shall, to the fullest extent permitted by law, indemnify and hold harmless the Consultant, its officers, directors, employees, agents and subconsultants from and against any and all damage, liability and cost, including reasonable attorney's fees and defense costs, arising out of or in any way connected with the performance by any of the parties above named of the services under this Agreement, excepting only those damages, liabilities or costs attributable to the sole negligence or willful misconduct of the Consultant.

### Certifications, Guarantees and Warranties
The Consultant shall not be required to execute any document that would result in its certifying, guaranteeing or warranting the existence of conditions whose existence the Consultant cannot ascertain.

### Limitation of Liability
In recognition of the relative risks, rewards and benefits of the project to both the Client and the Consultant, the risks have been allocated such that the Client agrees that, to the fullest extent permitted by law, the Consultant's total liability to the Client for any and all injuries, losses, expenses, damages or claim expenses arising out of this Agreement from any cause or causes, shall not exceed the total amount of the fee set forth on page 1 of this Agreement. Such causes include, but are not limited to, the Consultant's negligence, errors, omissions, strict liability, breach of contract or breach of any warranty.

### Termination of Services
This Agreement may be terminated by the Client or the Consultant should the other fail to perform its obligation thereunder. In the event of termination of this Agreement, the Client shall pay the Consultant for all services rendered and expense incurred by Consultant through the date of termination on a time and material basis pursuant to the Rate Schedule included in this Agreement.

### Ownership of Documents
All documents produced by the Consultant under this Agreement shall remain the property of the Consultant and may not be used by the Client for any other endeavor without the written consent of the Consultant.





10090 W Highway 29 | Liberty Hill, Texas 78642
TBPELS Firm No. 10001800 | 512-238-7901 office

## Exhibit "A"

### 2024 RATE SCHEDULE

| | |
|---|---|
| Expert Witness | $210.00 per hour |
| Project Manager – Registered Professional Land Surveyor | $180.00 per hour |
| Staff Surveyor – Registered Professional Land Surveyor | $140.00 per hour |
| Senior Survey Technician | $110.00 per hour |
| Survey Technician | $95.00 per hour |
| GIS Technician | $85.00 per hour |
| Abstractor | $75.00 per hour |
| Clerical | $75.00 per hour |
| Delivery | $50.00 per hour |
| Three Person Field Crew | $220.00 per hour |
| Two Person Field Crew | $185.00 per hour |
| One Person Field Crew | $140.00 per hour |

Client will be charged for services provided on a time and material expended basis at the rates set above and for purchased services at the cost of such service plus 10%. Purchased services include reproduction and blueline printing; third party delivery service; document acquisition; telephone; travel and subsistence; miscellaneous fees; and contracted services.



## Addendum to Standard Terms and Conditions

**THIS ADDENDUM TO AGREEMENT** is made part of that certain agreement between the City of Manor, Texas and LSI Landesign Services, Inc. (the, "Addendum") of even date herewith.

The following terms and conditions are hereby incorporated in to the Agreement, should any term or condition of this Addendum conflict with any of those contained within the Agreement, the terms and conditions of this Addendum supersede and replace those conflicting terms.

1. Statutory Verifications.

    (a)    To the extent this Agreement constitutes a contract for goods or services within the meaning of Section 2271.002 of the Texas Government Code, as amended, solely for purposes of compliance with Chapter 2270 of the Texas Government Code, and subject to applicable Federal law, LSI Landesign Services, Inc. (the, "Contractor") represents that neither the Contractor nor any wholly owned subsidiary, majority-owned subsidiary, parent company or affiliate of Contractor (i) boycotts Israel or (ii) will boycott Israel through the term of this Agreement. The terms "boycotts Israel" and "boycott Israel" as used in this paragraph have the meanings assigned to the term "boycott Israel" in Section 808.001 of the Texas Government Code, as amended.

    (b)    To the extent the Agreement constitutes a governmental contract within the meaning of Section 2252.151 of the Texas Governmental Code, as amended, solely for the purposes of compliance with Chapter 2252 of the Texas Governmental Code, and except to the extent otherwise required by applicable federal law, Contractor represents that the Contractor nor any wholly owned subsidiary, majority-owned subsidiary, parent company or affiliate of Contractor is a company listed by the Texas Comptroller Public Accounts under Sections 2270.0201, or 2252.153 of the Texas Government Code.

    (c)    The Contractor hereby verifies that it and its parent's company, wholly or majority-owned subsidiaries, and other affiliates, if any, do not boycott energy companies and will not boycott energy companies during the term of the Agreement. The foregoing verification is made soley to comply with Section 2274.002, Texas Government Code, and to the extent such section is not inconsistent with a governmental entity's constitutional or statutory duties related to the issuance, incurrence, or management of debt obligations or the deposit, custody, management, borrowing or investment of funds. As used in the foregoing verification, "boycott energy company" means, without an ordinary business purpose, refusing to deal with, terminating business activities with, or otherwise taking any action that is intended to penalize, inflict economic harm, or limit commercial relations with a company because the company: (A) engages in the exploration, production, utilization, transportation, sale, or manufacturing of fossil-based energy and does not commit or pledge to meet environmental standards beyond federal and state law: or (B) does business with a company described as by the preceding statement in (A).

    (d)    The Contractor hereby verifies that it and its parent company, wholly- or majority-owned subsidiaries, and other affiliates, if any, do not have a practice, policy, guidance, or directive that discriminates against a firearm entity or firearm trade association and will not have a practice, policy, guidance, or directive that discriminates against a firearm entity or firearm trade association during the term of this Agreement. The foregoing verification is made solely to comply with Section 2274.002, Texas Government Code. As used in the foregoing verification, "discriminate against a firearm entity or firearm trade association" means: (i) refuse to engage in the trade of any goods or services with the entity or association based solely on its status as a firearm entity or firearm trade association; (ii) refrain from continuing an existing business relationship with the entity or association based solely on its

status as a firearm entity or firearm trade association; or (iii) terminate an existing business relationship with the entity or association based solely on its status as a firearm entity or firearm trade association; but does not include (a) the established policies of a merchant, retail seller, or platform that restrict or prohibit the listing or selling of ammunition, firearms, or firearm accessories; or (b) a company's refusal to engage in the trade of any goods or services, decision to refrain from continuing an existing business relationship, or decision to terminate an existing business relationship to comply with federal, state, or local law, policy, or regulations or a directive by a regulatory agency; or for any traditional business reason that is specific to the customer or potential customer and not based solely on an entity's or association's status as a firearm entity or firearm trade association.

2. Indemnification.

**CONTRACTOR SHALL INDEMNIFY, DEFEND, SAVE AND HOLD HARMLESS THE CITY AND ITS OFFICERS, EMPLOYEES AND AGENTS FROM AND AGAINST ALL THIRD PARTY CAUSES OF ACTION, FINES, JUDGMENTS, LOSSES, CLAIMS, DAMAGES, LIABILITIES, COSTS AND EXPENSES, INCLUDING REASONABLE ATTORNEYS' FEES AND EXPENSES, JOINT OR SEVERAL, WHETHER THEY BE FOR PERSONAL INJURY OR PROPERTY DAMAGE OR ANY OTHER TYPE OF CLAIM, WHICH MAY BE ASSERTED AGAINST ANY OF THEM ARISING OUT OF OR RELATED TO (I) ANY NEGLIGENT ACT, ERROR OR OMISSION, OR WILLFUL MISCONDUCT BY CONTRACTOR IN THE CARRYING OUT OF THE SERVICES DURING THE TERM OF THIS AGREEMENT; (II) THE NEGLIGENCE OR WILLFUL OR WANTON MISCONDUCT OF CONTRACTOR OR ITS AGENTS; (III) ANY VIOLATION OF ANY REQUIREMENT APPLICABLE TO CONTRACTOR OR ITS AGENTS UNDER ANY FEDERAL, STATE, OR LOCAL LAW OR REGULATION, EXCEPT IN EACH CASE TO THE EXTENT CAUSED BY THE GROSS NEGLIGENCE OR WILLFUL OR WANTON MISCONDUCT OF THE CITY. OBLIGATIONS UNDER THIS SECTION SHALL NOT BE LIMITED TO THE LIMITS OF COVERAGE OF INSURANCE MAINTAINED OR REQUIRED TO BE MAINTAINED BY CONTRACTOR UNDER THIS AGREEMENT AND WILL NOT BE LIMITED BY COMPARATIVE NEGLIGENCE STATUTES. THIS SECTION SHALL SURVIVE THE TERMINATION OF THIS AGREEMENT.**

3. Insurance.

A.    Contractor shall procure, at its own expense, general liability insurance with a minimum per occurrence limit of one million dollars ($1,000,000.00) per occurrence and two million dollars ($2,000,000) aggregate and additional coverage sufficient to cover the Services being provided under this Agreement as determined by the City. Contractor shall provide the City with written notice of any coverage limit change on the insurance. Contractor shall provide the City with proof of insurance required hereunder. The City shall be named as an additional insured on the policy.

B.    Business automotive liability coverage for all owned, hired and non-owned automobiles, with limits of not less than $1,000,000.00 combined single limit. These limits can be met by a combination of primary and umbrella insurance

4. No Third Pary Benefit. Nothing herein expressed or implied is intended, or shall be construed, to confer upon or give to any person or entity, other than the parties, any right or remedy under or by reason of this Agreement.

5. Governing Law and Venue. This Agreement shall be governed by the laws of the State of Texas as to all matters, including but not limited to matters of validity, construction, effect and performance, without regard to conflict of law principles. All actions regarding this Agreement shall be in a court of competent subject matter jurisdiction in Travis County, Texas.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be duly executed *in* duplicate originals:

**CONTRACTOR:**
Landesign Services, Inc.
By: _____ *Brandy Tabor* _____
Name: Brandy Tabor _____
Title: President _____

**THE CITY OF MANOR, TEXAS**
By: _____ Scott Moore _____
Name: Scott Moore _____
Title: City Manager _____

**ATTEST:**
By: _____
Lluvia Almaraz
City Secretary



## MANOR
EST. TEXAS 1872

# AGENDA ITEM SUMMARY FORM

**PROPOSED MEETING DATE:** December 4th, 2024
**PREPARED BY:** Matthew Woodard, Director of Public Works
**DEPARTMENT:** Public Works

### AGENDA ITEM DESCRIPTION:

Consideration, discussion, and possible action authorizing the work to provide Surveying, Mapping, and Ground Penetrating Radar Services for the Cemetery.

### BACKGROUND/SUMMARY:

The City of Manor's Cemetery needs surveying, mapping, and ground penetration radaring services done. Cemetery Mapping: LSI will recover the boundary of the subject +/- 5 acre Manor Cemetery and locate exterior fences. LSI will utilize a sUAS "drone" to create a geo-referenced ortho-rectified aerial image to show interior above ground features. LSI will incorporate data obtained utilizing the Ground Penetrating Radar of portions of the cemetery as identified by City of Manor representatives tied to site control to identify possible locations of unmarked burials. LSI will stake out the Northeast line of the cemetery at +/- 100' intervals marked with 60D nails and lath. As requested, LSI will provide the City of Manor with one AutoCAD, Civil 3D digital file, and paper/mylar copies.

**LEGAL REVIEW:** No
**FISCAL IMPACT:** Yes
**PRESENTATION:** No
**ATTACHMENTS:** Yes

- LSI Landesign Services, Inc.- Agreement for the provision of limited professional services

### STAFF RECOMMENDATION:

The city staff recommends that the City Council authorize the City Manager to sign the contract agreement with LSI Landesign Services, INC. in an amount not to exceed $32,500.00.

| PLANNING & ZONING COMMISSION: | Recommend Approval | Disapproval | None |
|---|---|---|---|

**RICO**

EXIHIBIT E.

7/18/25, 9:50 AM

# City of Manor Closed Request # 441 [3631383531376666]

**City of Manor** <manorcitytx@user.govoutreach.com>

8:14 AM

**To** robert@manortx.us

Reply    Reply all    Forward    Delete    ≡

---If replying by email, enter your reply above this line---

Dear Robert,

Your request # 441 has been resolved with the resolution:
This was City of Manor work that was being done.

*ON A PRIVATE DEVELOPERS LOT*

This is in reference to the Problem on Municipal code you submitted on 11/12/2024  11:50 AM
Location: Manor City Cemetery
Description: 1) City of Manor is desecrating our 1906 Martin McVey cemetery and irreparably harming the 1871 MANOR CEMETERY. That's against the law; and
2) City of Manor is clearing a private developer's property using city staff, equipment and funds. That is also against the law.

I filed a Police Report a year that's been thrown in the trash by our Manor PD. This is now the THIRD DESECRATION THAT CHIEF RYAN has allowed.

We are committed to providing you the best service we can.  We would appreciate you filling out an online survey on how this request was handled.  You can fill out the online survey by going to:
<http://user.GovOutreach.com/manorcitytx/survey.php?cid=8608508&access=3631383531376666>

You may reply to this email to send a response or you can view this request online at:
<http://user.GovOutreach.com/manorcitytx/case.php?id=8608508&access=3631383531376666>

Mail: No subject



EXHIBIT F.

MANOR

CEMETERY

IS LOCATED

HERE

95 Townhomes going in here

**Wayne Schneider**
3h · 🌐

**Robert Battaile** For anyone who might now know exactly what land is being talked about, here are a couple of pictures. The top one is a close up of the northeast corner of the 38.75 acres in the A.E. Lane addition to the original town of Manor (From Travis County Clerk Records, Plat Record 1-2, page 223) showing the land purchased by Martin McVay in 1906. The bottom photo is showing where that land is located in relation to the Manor Cemetery of today. Only 17 feet away.

Lillies or Irises outside cemetery fence ~ Dan Scarbrough points out rectangular beds easily seen. This is a black person's grave. Manor Cemetery was "whites only" until 2004.

In October, 1849 a group of citizens petitioned the Travis County Commissioners Court to have a road built from the north part of Austin to Brenham. It was specifically requested that the road would start at the Burditts land on Walnut Creek on the northeast side of Austin and it should include the James Manor home on Gilleland Creek. On November 19, 1849, the court appointed James Manor as "overseer" to be in charge of building that part of the road from Austin to the eastern Travis County line. When the new road was mapped and built, it ran right through the middle of James Manor's 1280 acre land grant and directly in front of James Manor's house.

In the following years, that road would be divided into three sections, but James Manor was always in charge of the section between Gilleland Creek eastward to the Travis County Line.

When the town of Manor was established in 1872, the 200 acres allotted for the town were surveyed and located so that the Austin to Brenham Road ran straight through the middle of the new town.



1940 aerial photograph showing remains of Austin to Brenham road west of Manor

Present day maps still show the remains of the old Austin to Brenham Road west of Manor as do recent photographs.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107257835
Filing Code Description: Other Document
Filing Description: NOTICE OF FOIA VIOLATIONS BY CITY STAFF AND CITY ATTYS RE: MCVEY AND MANOR CEMETERY RECORDS
Status as of 10/24/2025 12:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Hobbs | 24012837 | jhobbs@abaustin.com | 10/24/2025 11:44:00 AM | SENT |
| Michael Kabat | 24050847 | mkabat@mcginnislaw.com | 10/24/2025 11:44:00 AM | SENT |
| Joanna Salinas | 791122 | joanna.salinas@fletcherfarley.com | 10/24/2025 11:44:00 AM | SENT |
| William Davidson | 5447000 | bdavidson@chmc-law.com | 10/24/2025 11:44:00 AM | SENT |
| Gavin Villareal | 24008211 | gavin.villareal@bakerbotts.com | 10/24/2025 11:44:00 AM | SENT |
| Michael Roberts | 24082153 | mroberts@jw.com | 10/24/2025 11:44:00 AM | SENT |
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 10/24/2025 11:44:00 AM | SENT |
| Stephanie Serrano | 24092655 | sserrano@rothberg.law | 10/24/2025 11:44:00 AM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 10/24/2025 11:44:00 AM | SENT |
| Patrick Kelly | 11228000 | pat.kelly@traviscountytx.gov | 10/24/2025 11:44:00 AM | SENT |
| Tyler Ryska | 24096597 | tryska@rigbyslack.com | 10/24/2025 11:44:00 AM | SENT |
| Austin Jones | 24116579 | ajones@mcginnislaw.com | 10/24/2025 11:44:00 AM | SENT |
| William Duncan | 24124453 | wduncan@rigbyslack.com | 10/24/2025 11:44:00 AM | SENT |
| Roy Adams | | roy.adams@oag.texas.gov | 10/24/2025 11:44:00 AM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 10/24/2025 11:44:00 AM | SENT |
| Lauren Bush | 24142742 | lbush@jw.com | 10/24/2025 11:44:00 AM | SENT |
| Anna Puff | 24144206 | gtwnfilings@sneedvine.com | 10/24/2025 11:44:00 AM | SENT |
| Edward Smith | 24037790 | esmith@808west.com | 10/24/2025 11:44:00 AM | SENT |
| Robert EdwardBattaile | | robert@manortx.us | 10/24/2025 11:44:00 AM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 10/24/2025 11:44:00 AM | SENT |
| Patricia Muniz | | paralegal@rigbyslack.com | 10/24/2025 11:44:00 AM | SENT |
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 10/24/2025 11:44:00 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107257835
Filing Code Description: Other Document
Filing Description: NOTICE OF FOIA VIOLATIONS BY CITY STAFF AND CITY ATTYS RE: MCVEY AND MANOR CEMETERY RECORDS
Status as of 10/24/2025 12:00 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 10/24/2025 11:44:00 AM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 10/24/2025 11:44:00 AM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 10/24/2025 11:44:00 AM | SENT |
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 10/24/2025 11:44:00 AM | SENT |
| Stormy Downing | | sdowning@rrspllc.com | 10/24/2025 11:44:00 AM | SENT |
| Andy Soule | | asoule@rrspllc.com | 10/24/2025 11:44:00 AM | SENT |
| Karah Powers | | kpowers@chmc-law.com | 10/24/2025 11:44:00 AM | SENT |
| Martha AnnAdams | | madams@abaustin.com | 10/24/2025 11:44:00 AM | SENT |
| Benjamin C. Hunt | | ben.hunt@bakerbotts.com | 10/24/2025 11:44:00 AM | SENT |
| Eldridge Burns | | eburns@rrspllc.com | 10/24/2025 11:44:00 AM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 10/24/2025 11:44:00 AM | SENT |
| Carol Shipley | | cshipley@rrspllc.com | 10/24/2025 11:44:00 AM | SENT |
| Emily Hill | | ehill@manortx.gov | 10/24/2025 11:44:00 AM | SENT |
| Anne Weir | | aweir@manortx.gov | 10/24/2025 11:44:00 AM | SENT |